UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAQUILL BATTLE,

                                    Plaintiff,                    24-CV-6191-FPG

v.

                                                                  DECISION AND ORDER

JANE DOE NURSE, et al.,

                                    Defendants.

## INTRODUCTION

On March 29, 2024, *pro se* Plaintiff Shaquill Battle commenced this action, asserting claims under 42 U.S.C. § 1983. *See* ECF No. 1. On June 18, 2025, this Court issued a Screening Order relating to events that occurred at Orleans Correctional Facility Residential Rehabilitation Unit ("RRU"). ECF No. 20. On September 29, 2025, the Court referred the matter to Magistrate Judge Colleen Holland, and discovery commenced shortly thereafter. *See* ECF No. 54. On January 12, 2026, Plaintiff filed a motion for summary judgment. ECF No. 84. On February 6, 2026, Defendants filed a cross-motion for summary judgment. ECF No. 88. As explained below, Plaintiff's motion is premature and is DENIED WITHOUT PREJUDICE to refiling upon the completion of discovery. Similarly, Defendants' cross-motion for summary judgment is premature and DENIED WITHOUT PREJUDICE to refiling upon the completion of discovery.

## LEGAL STANDARD

While the Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), "summary judgment should only be granted 'if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof.'" *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (emphasis in original) (cleaned up) (quoting *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996)). The nonmoving party is entitled to an "opportunity to discover information that is essential to [its]

1

opposition" to the summary judgment motion. *Id.* (quoting *Trebor Sportswear Co. v. The Limited Stores Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). Accordingly, "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016).

### DICSUSSION

Plaintiff moves for summary judgment.[1] In opposition, Defendants filed a cross-motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), ECF No. 88-6 at 7, and, in the alternative, request that the Court hold an evidentiary hearing to the extent that questions of fact exist regarding whether Plaintiff exhausted his administrative remedies, *id.* at 21.[2]

### I.    Plaintiff's Motion for Summary Judgment is Premature

Plaintiff moves for summary judgment, ECF No. 84; however, his motion for summary judgment is premature. In his motion, Plaintiff acknowledges that discovery is still ongoing and that he has not received all the discovery he requested from Defendants. ECF No. 84 at 2. Where discovery over relevant matters remains incomplete, it is inappropriate to award summary judgment. *Toussie,* 213 F. Supp. 3d at 445. Here, for example, Plaintiff claims that "[he] has not seen" the "particular grievance" regarding events from late February 2024, ECF No. 84 at 3, he has not received the "video of A2 Gallery" from March 4, 2024, *id.* at 6, nor has he received the

---

[1] Plaintiff requests that in the alternative, the Court hold his motion for summary judgment in abeyance until Defendants comply with their discovery obligations. ECF No. 84 at 2. Because Plaintiff's motion is premature due to outstanding discovery issues, this request is DENIED.

[2] Defendants also argue that allegations against Nurse Meier and Sgt. Lavender must be dismissed for failure to timely serve the summons and the complaint under Federal Rule of Civil Procedure 4(m). However, "District courts have the responsibility to assist *pro se* plaintiffs in their efforts to serve process on defendants." *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order). As long as the *pro se* prisoner provides information necessary to identify the defendants, as Plaintiff did here, the "failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *See id.* Thus, Plaintiff is granted an extension until June 15, 2026 to complete service to Nurse Meier and Sgt. Lavender. Further, Defendants' motion to dismiss the complaint on this basis is DENIED.

deposition transcripts, *id.* at 2. At the time of Plaintiff's filing of his motion for summary judgment in January 2026, ECF No. 84, the parties had almost four months remaining until the late April 2026 discovery deadline, *see* ECF No. 66. Accordingly, "discovery over relevant matters" remains incomplete. *Id.* Thus, Plaintiff's motion for summary judgment is DENIED as premature.[3]

## II.    Defendants' Cross-Motion for Summary Judgment is Premature

Defendants have also moved for summary judgment. ECF No. 88-6. They argue that Plaintiff failed to exhaust his administrative remedies related to each of his claims, as required by the PLRA. *Id.* at 7. They further argue that he is not exempt from this requirement because such administrative remedies were indeed available to him. *Id.* at 18. However, where discovery of information essential to a plaintiff's opposition remains incomplete, summary judgment is not appropriate. *See Hellstrom*, 201 F.3d at 97. Here, Plaintiff claims that Defendants have not fully complied with their discovery obligations when he points to missing grievances, video, transcripts. ECF No. 84 at 2, 3, 10. Before a Court may grant a motion for summary judgment, the nonmoving party is entitled to "the opportunity to discover information that is essential to [its] opposition" to the summary judgment motion. *Hellstrom*, 201 F.3d at 97 (quoting *Trebor Sportswear Co.*, 865 F.2d at 511). Because Plaintiff is entitled to such discovery ahead of a summary judgment decision, this Court concludes that Defendants' motion for summary judgment is premature.

In the alternative, Defendants argue that to the extent the Court believes there is a question of fact regarding whether Plaintiff fully exhausted his administrative remedies, this Court should hold an evidentiary hearing. ECF No. 88-6 at 21. However, since discovery is still open, new information relevant to the issue of exhaustion may not yet have been disclosed by Defendants to

---

[3] Defendants also argue that Plaintiff's motion for summary judgment should be denied because Plaintiff failed to file a Rule 56 Statement pursuant to the Local and Federal Rules of Civil Procedure, which require that upon any motion for summary judgment, the moving party must submit a "separate, short[,] and concise statement . . . of the material facts as to which the moving party contends there is no genuine issue to be tried." ECF No. 88-6 at 21 (citing Loc. R. Civ. P. 56(a)(1)). Because Plaintiff's motion for summary judgment is premature, the Court need not address this argument. However, Plaintiff is advised to comply with Local and Federal Rules of Civil Procedure in future filings.

Plaintiff. *See, e.g., Perez v. Blot*, 195 F. Supp. 2d 539, 544 (S.D.N.Y. 2002) (holding that discovery, including "less formal verbal and written complaints," is relevant as to the question of whether Plaintiff exhausted his administrative remedies). As such, Defendant's request for an evidentiary hearing regarding exhaustion is premature. *See Sorrentino v. Annucci*, 23-CV-00582, 2025 WL 1033687, *6 n.8 (N.D.N.Y. Feb. 13, 2025), report and recommendation adopted *sub nom. Sorrentino v. Tierney*, 23-CV-582, 2025 WL 841475 (N.D.N.Y. Mar. 18, 2025) (ordering an exhaustion hearing "without the benefit of discovery would not be the most efficient manner" to resolve factual disputes); *see also Hubbert v. McCrone*, 22-CV-1009, 2026 WL 290947, at *2 (W.D.N.Y. Feb. 4, 2026) (finding Defendant's motion for an evidentiary hearing premature where discovery will reopen). Thus, to the extent that Defendants argue that the Court should hold an evidentiary hearing, their request is DENIED WITHOUT PREJUDICE to renewal, if necessary, after discovery is closed.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF No. 84) and Defendants' Cross-Motion for Summary Judgment (ECF No. 88-6) are DENIED WITHOUT PREJUDICE to renewal upon the close of discovery. Additionally, the Clerk of Court is directed to cause the United States Marshals Service to serve the summons, screening order (ECF No. 20) and amended complaint (ECF No. 13) on Nurse D. Meier and Sgt. M. Lavender. Further, the Clerk of Court is directed to send Plaintiff a copy of this Decision and Order along with a copy of the Local Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: April 15, 2026
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4