UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAQUILL BATTLE,

      Plaintiff,

   v.

JANE DOE NURSE, *et al.*,

      Defendants

**DECISION AND ORDER**

24-CV-6191 FPG CDH

## **BACKGROUND**

*Pro se* plaintiff Shaquill Battle ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision alleges violations of his constitutional rights by officers and staff at Orleans Correctional Facility ("Orleans") pursuant to 42 U.S.C. § 1983. (*See* Dkt. 13).

When Plaintiff filed his initial complaint in this action, he indicated that he was confined at Orleans. (Dkt. 1 at 1). On February 11, 2025, Plaintiff filed an amended complaint. (Dkt. 13). At that time, it appears that Plaintiff was confined at Clinton Correctional Facility. (*See id.* at 2). However, when screening Plaintiff's amended complaint, the Court noted that Plaintiff had been transferred to Gouverneur Correctional Facility ("Gouverneur") (Dkt. 20 at 1 n.2). Plaintiff has since been transferred to Auburn Correctional Facility ("Auburn"). (Dkt. 86).

Following the screening of his amended complaint, Plaintiff was allowed to proceed to service on claims of excessive force, failure to intervene, inadequate medical care, unconstitutional cell conditions, and First Amendment retaliation, all in

connection with events at and against defendants employed by Orleans. (Dkt. 20 at 25). This case was subsequently referred to the undersigned for all non-dispositive pretrial matters. (Dkt. 54).

Currently pending before the Court are several motions filed by Plaintiff. First, Plaintiff has filed multiple requests for appointment of counsel. (Dkt. 67; Dkt. 93 at 1; Dkt. 95 at 1). Second, Plaintiff has filed multiple letter motions primarily concerning issues related to his confinement at Gouverneur and Auburn. (Dkt. 75; Dkt. 92; Dkt. 93). Third, Plaintiff has filed a motion to compel discovery. (Dkt. 95).

For the reasons that follow, Plaintiff's requests for appointment of counsel are denied without prejudice; Plaintiff's letter motions related to his confinement at Gouverneur and Auburn are denied; and Plaintiff's motion to compel discovery is denied.

## DISCUSSION

### I.   Requests for Appointment of Counsel

#### A.   Legal Standard

Unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

### B.    Plaintiff's Requests for Appointment of Counsel are Denied

On November 7, 2025, Plaintiff filed a motion for appointment of counsel. (Dkt. 67). Plaintiff asserts that his incarceration has limited his "ability to investigate and litigate." (*Id.* at 1). Plaintiff also states that the issues involved in this case are complex and require "significant research and investigation," but he has "no access to the law library . . . or books and [has] limited knowledge of the law." (*Id.*). Plaintiff further states that a "trial in this case will likely involve conflicting testimony[.]" (*Id.*). In a

- 3 -

subsequent filing, Plaintiff "renews" his motion for appointment of counsel (Dkt. 93 at 1), and in another subsequent filing, Plaintiff requests "stand by counsel" (Dkt. 95 at 1).

Defendants oppose Plaintiff's motion for appointment of counsel. (Dkt. 70). Among other things, Defendants claim that Plaintiff's motion makes "misrepresentations" regarding his access to legal materials, and they have submitted documents purportedly showing that Plaintiff has been provided with legal materials on several occasions. (*See* Dkt. 70 at ¶ 3; Dkt. 70-1 at 3).

Notwithstanding this factual dispute as to the extent to which Plaintiff has been able to access legal materials, appointment of counsel is not warranted at this time because Plaintiff has not demonstrated, as a threshold matter, that his claims are likely to be of substance. As the Court recently observed in denying Plaintiff's motion for summary judgment as premature, "discovery over relevant matters remains incomplete." (Dkt. 98 at 3) (quotation omitted). Moreover, as discussed below, the crux of Plaintiff's pending motion to compel appears to be that he has not received responses to his discovery requests. Accordingly, the record is not sufficiently developed for the Court to assess the potential merits of Plaintiff's claims. *See, e.g.*, *Young v. Leon*, No. 3:14-CV-01337 CSH, 2015 WL 3476822, at *1 (D. Conn. June 2, 2015) ("On the present record, which is comprised principally of the complaint, answer, and Plaintiff's pending motions, the Court cannot gauge the merits of Plaintiff's claims.").

Even if Plaintiff could demonstrate that his claims are likely to be of substance, the remaining factors do not support appointment of counsel at this time. While Plaintiff asserts that he lacks the ability to investigate, it is not evident how his claims

would specifically benefit from further investigation by counsel. *See Gill-Drayton v. New York State Educ. Dep't,* No. 23-CV-10259 (KMK), 2024 WL 1216728, at *2 (S.D.N.Y. Mar. 21, 2024) ("In cases where a plaintiff has intimate knowledge of the facts and circumstances giving rise to her claims, the aid of counsel will generally not assist in further factfinding and investigation."). Likewise, Plaintiff's claims do not appear to present any overly complex issues. Rather, they are the type of prisoner civil rights claims that *pro se* litigants can and frequently do litigate without the assistance of counsel. In this regard, "a general assertion by Plaintiff as to his lack of expertise or legal skills is insufficient to justify a request for counsel." *Herbert v. Sanfeliz,* No. 22-CV-4299 (KMK), 2025 WL 2939265, at *3 (S.D.N.Y. Oct. 16, 2025) (quotation omitted). And "[w]hile it is possible that there will be conflicting evidence requiring cross-examination at the trial of this matter," this is common in prisoner civil rights cases, and thus "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y. 1995). Lastly, the Court cannot identify any special reasons why appointment of counsel would lead to a more just determination of this case.

For these reasons, Plaintiff's requests for appointment of counsel (Dkt. 67; Dkt. 93 at 1; Dkt. 95 at 1) are denied without prejudice.

## II.    Motions Related to Plaintiff's Confinement at Gouverneur and Auburn

Plaintiff has three pending letter motions that primarily concern his confinement at Gouverneur and Auburn. The first, filed on November 24, 2025, is denoted as a "motion for help." (Dkt. 75). In this letter, Plaintiff appears to complain about his inability to receive medical treatment and access law library materials at

Gouverneur. Plaintiff "request[s] an order directing an appropriate remedy as [he does not] know what relief [he] can actually request[.]" (*Id.* at 2).

In the second pending letter motion, filed on February 18, 2026, Plaintiff appears to claim that certain personal property consisting of legal materials was missing when he was transferred from Gouverneur to Auburn. (Dkt. 92 at 1). Plaintiff appears to allege that Gouverneur is withholding these materials, asking that the Court "sanction Gouverneur for this or give up [his] property." (*Id.*).[1]

Plaintiff filed a third letter motion on February 20, 2026. (Dkt. 93). Aside from renewing his earlier motion for appointment of counsel and briefly noting discovery issues that appear to be the subject of his pending motion to compel (Dkt. 95), this letter claims that Gouverneur took his property, including legal documents pertaining to this and other cases, and that he has "not gotten any callouts" for the law library at Auburn. (Dkt. 93 at 1-2). Plaintiff does not specifically request any form of relief in connection with these issues.

To the extent these three letter motions seek relief in connection with matters arising from Plaintiff's confinement at Gouverneur or Auburn, they are denied.[2] In

---

[1]    This motion was docketed by the Clerk of Court's Office as a "motion to sanction government." (Dkt. 92). But it appears that this was based on a misreading of Plaintiff's handwriting. The Court reads Plaintiff's letter as requesting that the Court sanction "Gouverneur," not "Government." The Court's reading is also consistent with the nature of the request.

[2]    Plaintiff has also sent the Court several non-motion letters in which he makes complaints regarding the conditions of his confinement at facilities other than Orleans. (*See, e.g.*, Dkt. 81; Dkt. 103; Dkt. 106). To the extent these letters seek the Court's intervention, they are denied for the same reasons as his letter motions.

denying a similar motion, the Hon. Frank P. Geraci, Jr., the presiding District Judge, advised Plaintiff that his claims arising at Gouverneur "do not arise within this District," "have no connection to the claims raised in the amended complaint," "concern different defendants," and must be raised in a proceeding in the Northern District of New York, where Gouverneur (as well as Auburn) is located. (Dkt. 20 at 23-24). The Court reiterates this guidance here. The issues raised in these three letter motions are unrelated to Plaintiff's underlying claims—which arise from events and conditions at Orleans—and involve alleged conduct by (largely unspecified) non-parties at different correctional facilities.[3] While Plaintiff does not articulate a request for any cognizable form of relief in these letters, even assuming that he had, such relief would not be properly sought in the context of this case. *See Saunders v. Vinton*, No. 3:12CV581 WWE, 2012 WL 5835382, at *1 (D. Conn. Nov. 16, 2012) ("To prevail on his motion, the plaintiff must establish a relationship between the injury claimed in his motion and the actions giving rise to his complaint.").

---

[3]     Plaintiff claims in his November 24, 2025 letter motion that he is "having problems getting medical treatment for injuries alleged to have taken place in Orleans[.]" (Dkt. 75 at 1). But even assuming that these are injuries alleged in the amended complaint, any claims concerning medical care at Gouverneur would still be unrelated to the claims in this action. *See Girard v. Hickey*, No. 9:15-CV-0187, 2016 WL 915253, at *5 (N.D.N.Y. Mar. 4, 2016) ("The mere fact that some of plaintiff's claims relate to his alleged need for medical care for injuries allegedly sustained at Auburn C.F. does not alter this Court's conclusion that the claims are distinct and unrelated, because any medical care claims arising after plaintiff's transfer out of Auburn C.F. are . . . against new defendants at new facilities, and would require different discovery, witnesses, and evidence.").

### III.  Motion to Compel

#### A.  Legal Standard

If a party fails to answer interrogatories under Rule 33 or produce documents under Rule 34, the party seeking discovery may move for an order under Rule 37(a)(3)(B) to compel an answer or production. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

However, "before filing a motion to compel, a party must have 'in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action.'" *Cisse v. Mitchell*, No. 22-CV-6071FPG, 2024 WL 2794251, at *2 (W.D.N.Y. May 31, 2024) (quoting Fed. R. Civ. P. 37(a)(1)). Under Rule 37(a)(1), a motion to compel discovery must include a certification that the movant has made such good faith efforts. Fed. R. Civ. P. 37(a)(1). "*Pro se* litigants are . . .  required to comply with the good faith meet and confer requirement of Rule 37(a)." *Zimmerman v. Pautz*, No. 12-CV-763A(F), 2017 WL 3404757, at *1 (W.D.N.Y. Aug. 9, 2017).

Similarly, under Local Rule of Civil Procedure 7(d)(3), any motion to compel discovery must include an affidavit "showing that sincere attempts to resolve the discovery dispute have been made," "detail[ing] the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein," and attaching "all related correspondence." Loc. R. Civ. P. 7(d)(3). "No motion for discovery and/or production of documents . . . shall be heard unless accompanied by" such an affidavit. *Id.* Like Federal Rule 37(a)(1), *pro se* litigants must also comply with Local Rule 7(d)(3). *See, e.g.*, *McFadden v. Annucci,* No. 16-CV-6105FPG, 2022 WL 17126109, at *3 (W.D.N.Y. Nov. 22, 2022).

The purpose of both the federal and local meet and confer requirements "is to resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel." *Cisse*, 2024 WL 2794251, at *3.

"Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

**B.** **Plaintiff has Failed to Comply with the Meet and Confer Requirement**

Plaintiff's motion to compel fails to comply with Rule 37(a)(1) because it does not include a certification that Plaintiff in good faith conferred or attempted to confer with defense counsel regarding any alleged deficiencies with Defendants' responses to his discovery requests. Plaintiff's motion also fails to comply with Local Rule 7(d)(3) because it does not include an affidavit showing Plaintiff's efforts to resolve the dispute without Court intervention or attach any relevant correspondence.

Plaintiff's non-compliance with these rules is not merely technical in nature. Even if the Court were to afford Plaintiff some leeway with respect to his failure to include the requisite certification and/or affidavit, Plaintiff's motion to compel still fails to comply with the substance of these rules because it does not indicate any attempt whatsoever by Plaintiff to meet and confer with defense counsel about his discovery requests.

Failure to comply with the meet and confer requirement is a sufficient basis for the Court to deny Plaintiff's motion to compel. *See, e.g.*, *McFadden*, 2022 WL 17126109, at *3 ("McFadden's failure to comply with the conferral requirement before filing the pending motions to compel is grounds to deny the motions."); *Myers v. Andzel*, No. 06 CIV. 14420 (RWS), 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007) (denying motion to compel because movant failed to first attempt to meet and confer). The Court accordingly denies Plaintiff's motion to compel on that basis.

### C.  Plaintiff's Motion to Compel Appears to be Moot

Even if the Court were to overlook Plaintiff's failure to comply with the meet and confer requirement, Plaintiff's motion to compel can also be denied on the basis that it appears to be moot. While difficult to parse, Plaintiff's motion seems to be seeking responses to his document requests and interrogatories, served on November 21, 2025. (*See* Dkt. 73).

As an initial matter, although the Court is able to glean some limited context for Plaintiff's motion from the discovery materials that have been filed on the docket pursuant to Local Rule of Civil Procedure 5.2(f),[4] Plaintiff is advised that a generalized motion alleging broadly that Defendants have failed to comply with discovery does not enable the Court to understand what specific discovery requests are at issue or what is purportedly deficient about Defendants' responses.

---

[4]  Local Rule of Civil Procedure 5.2(f) requires that in cases with incarcerated *pro se* litigants, all discovery materials, including interrogatories and requests for production and responses thereto, be filed with the Court. Loc. R. Civ. P. 5.2(f).

But in any event, defense counsel represents in her opposition to Plaintiff's motion to compel that she mailed Plaintiff responses to his document requests and interrogatories on December 16, 2025, and then again on February 24, 2026. (Dkt. 97 at ¶¶ 5, 11; *see also* Dkt. 78 at 15; Dkt. 94). Defendants' responses were also filed with the Court on December 16, 2025. (Dkt. 78). Defense counsel further represents— seemingly in response to Plaintiff's assertions that defense counsel "never mailed any transcript in December" and that he "is seeking the video of the fake assault" (Dkt. 95 at 2, 5)—that she mailed Plaintiff a copy of his deposition transcript, once on December 19, 2025, and again on February 13, 2026, and that Plaintiff "was allowed to view the photos and the video of the alleged incident on January 9, 2026[.]" (Dkt. 97 at ¶¶ 6, 10, 13).

The Court is entitled to rely on defense counsel's representation that Defendants have already responded to and produced all documents responsive to Plaintiff's discovery demands. *See Greer v. Carlson*, No. 120CV05484LTSSDA, 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[Defense] counsel is admitted to practice in this Court and is an officer of the Court. If a statement made by counsel is false, he can be subject to discipline. Thus, courts often rely upon statements made by counsel."); *see also Kozak v. Office Depot, Inc.*, No. 16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020) (relying on defense counsel's representation that it had produced all documents responsive to plaintiff's request, as "[t]he court is entitled to rely on the representations of counsel, as officers of the court") (quotation omitted), *aff'd*, 2020 WL 5757183 (W.D.N.Y. Sept. 28, 2020). Plaintiff's mere insistence that he has not received discovery is insufficient to call into question defense counsel's

- 11 -

representations, particularly where, as here, such representations are consistent with the discovery materials filed with the Court. *See Youngblood v. Pena*, No. 15 CIV. 3541 (RA)(HBP), 2019 WL 13544710, at *1 (S.D.N.Y. Mar. 4, 2019) ("In light of defendants' counsel's representation that all documents . . . have been produced, I cannot grant plaintiff any relief based on a suspicion that defendants' production is incomplete.").[5]

Accordingly, because Defendants have already responded to Plaintiff's discovery requests, Plaintiff's motion to compel is also denied as moot. *See, e.g.*, *Burton v. United States*, 347 F.R.D. 25, 28 (S.D.N.Y. 2024) ("Based upon the representations made by the Government in its response to Plaintiffs' motion to compel, the documents requested in items 1, 2 and 5 already have been produced. Thus, the motion to compel with respect to these items is denied as moot.").

Although the record before the Court does not reflect any outstanding issues with Defendants' responses to Plaintiff's discovery requests, if Plaintiff believes otherwise, then he must in good faith confer or attempt to confer with defense counsel in an attempt to resolve or narrow the issues in dispute. If these good faith meet and confer efforts are unsuccessful, then the Court will afford Plaintiff an opportunity to file a renewed motion to compel, notwithstanding the fact that the deadline for such motions has passed. (*See* Dkt. 66 at 1). Any renewed motion to compel must be filed

---

[5]    Based on the Court's review of the docket, it appears plausible that when he filed his motion to compel, Plaintiff had not received Defendants' responses to his discovery requests because they were originally mailed to Gouverneur around the same time that Plaintiff appears to have been transferred to Auburn. But Defendants cannot be faulted for this, since Gouverneur was Plaintiff's address of record with the Court at the time the responses were mailed. Moreover, defense counsel represents that she subsequently re-sent the responses to Plaintiff's new address at Auburn. (Dkt. 97 at ¶¶ 11; *see also* Dkt. 94).

**within 45 days of entry of this Decision and Order**. It is incumbent on Plaintiff to file a procedurally complaint motion that includes the requisite certification that he conferred or attempted to confer with defense counsel and an affidavit detailing his conferral efforts, including all relevant correspondence. Any renewed motion must also specifically identify each discovery request in dispute and explain how Defendants' response is deficient.

## CONCLUSION

For the reasons discussed above, Plaintiff's requests for appointment of counsel (Dkt. 67; Dkt. 93 at 1; Dkt. 95 at 1) are denied without prejudice; Plaintiff's letter motions related to his confinement at Gouverneur and Auburn (Dkt. 75; Dkt. 92; Dkt. 93) are denied; and Plaintiff's motion to compel discovery (Dkt. 95) is denied.

**SO ORDERED.**

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
      June 29, 2026